FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JAN 31  P 4: 26

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID DUNN | CIVIL ACTION |
| VERSUS | NO. 99-3413 |
| WARDEN BURL CAIN | SECTION "L" (2) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. For all of the following reasons, I recommend that the instant petition for habeas corpus relief should be **DENIED** and the case **DISMISSED WITH PREJUDICE** because it is untimely.

DATE OF MAILING  FEB 0 1 2000

DATE OF ENTRY  FEB 0 1 2000

I.  FACTS AND PROCEDURAL HISTORY

The petitioner, David Dunn, is an inmate incarcerated in the Louisiana State Penitentiary at Angola, Louisiana. Dunn was tried by a jury and found guilty of second degree murder on March 26, 1993. Rec. Doc. No. 1. He was sentenced to a mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence.

Dunn seeks habeas corpus relief in this court on two grounds: (1) Louisiana's jurisprudential rule that prohibits a criminal defendant from introducing psychiatric evidence to negate the existence of specific intent is unconstitutional and violates the petitioner's rights to present a defense and to due process under the Fourteenth Amendment to the United States Constitution. (2) Petitioner received ineffective assistance of counsel at trial as guaranteed by the Sixth Amendment when his attorney prepared and presented a defense that was impermissible under Louisiana law. Memorandum in Support of Petition for Writ of Habeas Corpus, Attachment to Rec. Doc. No. 1. Disposition of Dunn's claims as recommended herein rests on a purely legal basis, and the facts of his case as they pertain to the conviction Dunn challenges are not at issue here.

The state court record establishes the following relevant procedural history. In March 1993, Dunn was tried by a jury in the Twenty-Second Judicial District Court for St. Tammany Parish and found guilty of second degree murder in violation of La. Rev. Stat. § 14:30.1. On April 13, 1993, he was sentenced to life in prison without benefit of

parole, probation, or suspension of sentence. State Court Record, Vol. 5 of 6, Transcript of Felony Sentencing, p. 4.

Dunn's conviction was affirmed on appeal by the Louisiana First Circuit Court of Appeal on March 3, 1995, Case No. 94-0166. State Court Record, Vol. 6 of 6, Appeal from the Twenty-Second Judicial District Court. On September 15, 1995, the Louisiana Supreme Court denied Dunn's petition for a writ of certiorari. State Court Record, Vol. 6 of 6, Case No. 95-K-0734. Subsequently, Dunn's application for a rehearing was denied by the Louisiana Supreme Court on November 3, 1995. State v. Dunn, 661 So.2d 1375 (La. 1995).

Dunn's application for post-conviction relief was filed in the Twenty-Second Judicial District Court on November 2, 1998. Memorandum in Support of Petition for Writ of Habeas Corpus, Attachment to Rec. Doc. No. 1. On January 7, 1999, the state district court denied Dunn's petition. Memorandum in Support of Petition for Writ of Habeas Corpus, Attachment to Rec. Doc. No. 1. The Louisiana Supreme Court denied Dunn's application for a writ of certiorari and supervisory writs on November 5, 1999. Memorandum in Support of Petition for Writ of Habeas Corpus, Attachment to Rec. Doc. No. 1. On November 10, 1999, Dunn filed the instant petition for federal habeas corpus relief in this Court.

## II. ANALYSIS

### A. Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[1] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Dunn's petition, which was filed in this Court on November 10, 1999.

The threshold question in habeas review under the amended statute is whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b) and (c)). Here, although Dunn has exhausted his state court remedies, this petition is untimely.

---

[1] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

B.     <u>Dunn's Petition is Barred by the Statute of Limitations</u>

Although the State does not contend that the instant federal habeas corpus petition is untimely, the Court may raise this issue sua sponte. <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999). This writ application is time-barred under the AEDPA.

Section 2244(d)(1) of the amended statute requires the petitioner to bring his Section 2254 claims within one year of the date his conviction became final.[2] Dunn's conviction

---

[2] Specifically, Section 2244(d) provides:
(1) a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment for filing an application created by State action in violation if the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

5

became final when the Louisiana Supreme Court denied his petition for rehearing on November 3, 1995. La. Code. Crim. Proc. art. 922(C).

Under the plain language of the AEDPA, Dunn had until November 3, 1996, one year from the date his conviction became final, to file a timely federal application for post-conviction relief, but he failed to do so. Dunn's federal habeas corpus petition was not filed in this Court until November 10, 1999,[3] more than three years after the deadline imposed by the AEDPA. Thus, literal application of the AEDPA would bar his Section 2254 petition as of November 3, 1996.

However, the Fifth Circuit has disapproved such a literal application of the statute and granted habeas petitioners <u>one year after the effective date</u> of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255. <u>Muhleisen v. Ieyoub</u>, 168 F.3d 840, 843 (5th Cir. 1999); <u>Flanagan</u>, 154 F.3d at 200; <u>United States v. Flores</u>, 135 F.3d 1000, 1004 (5th Cir. 1998). "<u>Flores</u> concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's

---

[3] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners <u>acting pro se</u>. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the Court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995); <u>Lara v. Johnson</u>, 141 F.3d 239, 241 n.2 (5th Cir. 1998); <u>Thompson v. Raspberry</u>, 993 F.2d 513, 515 (5th Cir. 1993). Dunn's application was filed by counsel. Therefore, the mailbox rule does not apply, and the November 10, 1999 filing date is the key date for all purposes.

April 24, 1996 effective date." Flanagan, 154 F.3d at 200 (quoting Flores, 135 F.3d at 1004-1005). "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." Id. (citing Flores, 135 F.3d at 1005).

Thus, because Dunn's conviction became final before the AEDPA's effective date, his deadline for filing the instant federal habeas petition was extended by the foregoing case law to no later than April 24, 1997. Dunn filed his petition in this Court on November 10, 1999. Thus, his petition was filed more than two years after the April 24, 1997 deadline imposed by the AEDPA and must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the Fifth Circuit has held that the one-year period of limitations in Section 2244(d)(1) may be equitably tolled, but only in "rare and exceptional circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998), cert. denied, 119 S. Ct. 847 (1999); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999). In this case, my review of the record reveals no reasons that might constitute exceptional circumstances such that the one-year period should be considered equitably tolled.

Second, the AEDPA itself provides for interruption of the one-year limitations period, by stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Rather, decisions of the Fifth Circuit and other jurisdictions have held that this statute is a tolling provision in that the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period.

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one-year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one-year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, No. 98-6747, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (unpubl. opin.); Gray v. Waters, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998), appeal dismissed, No. 98-7784, 1999 WL 270370, at *1 (4th Cir. May 4, 1999).

Additionally, the three-year period provided for in article 930.8 of the Louisiana Code of Criminal Procedure does not prevent this petition from being time barred under the federal law. The Fifth Circuit has noted that the AEDPA, which applies to Dunn's federal habeas petition, clearly states that "<u>any</u> time that passed <u>between the time</u> that [his] conviction became final and the time that the state application for habeas corpus was properly filed <u>must be counted against</u> the one-year period of limitation." <u>Flanagan</u>, 154 F.3d at 199 n.1 (emphasis added).

Dunn's conviction became final on November 3, 1995, when the Louisiana Supreme Court denied his petition for rehearing. Under the requirements of the AEDPA, Dunn had until April 24, 1997 to file a petition for post-conviction relief. Dunn's application for post-conviction relief was not submitted to the state trial court until November 2, 1998, more than 18 months after the period of limitations had expired. Because he had no pending application in the state courts either before the AEDPA was enacted or during the one-year period following enactment of the AEDPA, the tolling provision of Section 2244(d)(2) does not apply. In short, Dunn took no action to interrupt the running of the one-year limitations period. Thus, the statute of limitations on Dunn's federal habeas petition expired more than 18 months before he filed it in this Court. His petition is time-barred and must be dismissed with prejudice.

## RECOMMENDATION

For all of the foregoing reasons, it is recommended that the petition of David Dunn for habeas corpus relief be **DENIED** and the case be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 31st day of January, 2000.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE